IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

JEFFERY B. SANFORD, #143 572     *

    Plaintiff,     *

      v.     *     3:08-CV-161-WHA

SHERIFF JAY JONES, *et al.*,     *

    Defendants.     *
_____

**O R D E R**

Upon consideration of the amended complaint filed by Plaintiff on March 21, 2008, it is ORDERED that:

1. Defendants undertake a review of the subject matter of the complaint, as amended, (a) to ascertain the facts and circumstances; (b) to consider whether any action should be taken to resolve the subject matter of the complaint; and (c) to determine whether other similar complaints, whether pending in this court or elsewhere, should be considered together.

2. On or before **April 30, 2008** Defendants file a **written report** with the court and serve a copy upon Plaintiff. *The report must contain the sworn statements of all persons having personal knowledge of the subject matter of the complaint.*

3. All defenses including immunity defenses must be set forth in the written report or such defenses may be waived. Authorization is hereby granted Defendants to interview

all witnesses, including Plaintiff. Whenever relevant, copies of medical and/or psychiatric records shall be attached to the written report. Where Plaintiff's claim or Defendants' defenses relate to or involve the application of administrative rules, regulations or guidelines, the written report shall include copies of all such applicable administrative rules, regulations or guidelines. In addressing the claims presented by Plaintiff, Defendants shall furnish copies of all documents, records and regulations relevant to Plaintiff's claims for relief.

    4. If Defendants assert failure of exhaustion as an affirmative defense, they must specifically identify the grievance procedure available to the plaintiff and/or the manner in which the plaintiff failed to exhaust a grievance procedure. If Plaintiff failed to undertake the available grievance procedure during his confinement in the county detention facility and such procedure is no longer available to him, Defendants shall so advise the court. *Jones v. Bock*, ___ U.S. ___, 127 S.Ct. 910, 921 (2006) (Failure of exhaustion is an affirmative defense which must be raised by the defendants); *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2387 (2006) ("[T]he PLRA exhaustion requirement requires proper exhaustion."). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 2386

5. <u>No</u> motion for summary judgment, motion to dismiss or any other dispositive motions addressed to the complaint, as amended, be filed by any party without permission of the court. If any pleading denominated as a motion for summary judgment, motion to dismiss or other dispositive motion is sent to the court, the court shall not file or otherwise treat the pleading as a dispositive motion until and unless further order of the court; and

6. The Clerk is DIRECTED to furnish a copy of this order to Plaintiff and a copy of this order and the amended complaint to the Defendants named in the complaint, as amended.

Done, this 1st day of April 2008.

/s/ Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE